**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4733

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NANAK CHAND,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CR-01-487-DKC)

Submitted: January 16, 2004      Decided: February 12, 2004

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan L. Katz, MARKS & KATZ, L.L.C., Silver Spring, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nanak Chand appeals from the district court's order affirming his conviction and sentence imposed by a magistrate judge for assaulting, resisting, or impeding an officer or employee of the United States in the performance of his official duties. See 18 U.S.C.A. § 111(a) (West Supp. 2003). Chand contends that he did not knowingly and intelligently waive his right to a jury trial or a trial by a district court, that the magistrate judge abused his discretion by denying Chand's motion for a continuance to secure the presence of a witness, that the evidence was insufficient to support his conviction, and that the eighteen-month delay between the completion of briefing on appeal and the issuance of the district court's opinion violated his right to a speedy appeal. With respect to the first three issues, we have reviewed the parties' briefs, the joint appendix, the supplemental joint appendix, and the district court's opinion and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. See United States v. Chand, No. CR-01-487-DKC (D. Md. Aug. 11, 2003).

Chand's final issue is that the district court's delay in adjudicating his appeal amounted to a violation of his right to a speedy appeal. An "undue delay in processing an appeal may rise to the level of a due process violation." United States v. Johnson, 732 F.2d 379, 381 (4th Cir. 1984). To determine whether such a

- 2 -

delay results in the denial of a speedy appeal, the court considers the length of the delay, the reason for the delay, the defendant's assertion of his speedy appeal right, and any prejudice to the defendant. Id. at 381-82 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). Addressing these factors, we find that, while an eighteen-month delay may rise to the level of an "undue delay" and while Chand did assert his speedy appeal right by requesting a ruling on the appeal, Chand suffered no prejudice as a result of the delay. As this court held in Johnson, there is no prejudice and affirmative relief is not appropriate when "the appeal has been heard and found lacking in merit." 732 F.2d at 382-83. Here, the district court found no merit to Chand's issues on appeal and affirmed his conviction. Thus, we find that Chand suffered no prejudice and is entitled to no relief on his claim that his speedy appeal right was violated by the district court's delayed disposition of his appeal. See id.

Accordingly, we affirm Chand's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -